# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO: 4:18-CV-00079-JHM

SUSAN A. COX                                                       PLAINTIFF

V.

GIVENS & HOUCHINS, INC.                            DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment [DN 24]. Fully briefed, this matter is ripe for decision. For the following reasons, Plaintiff's Motion for Partial Summary Judgment is **GRANTED**.

### I. BACKGROUND

The disagreement that forms the basis of this lawsuit arose from the conveyance of a parcel of land that Defendant Givens & Houchins, Inc. ("G&H") sold to Plaintiff Susan A. Cox. G&H owned approximately 5.88 acres on Beaver Dam Road in Grayson County, Kentucky (the "G&H Tract"). From this tract, G&H sold approximately 1.6 acres (the "Cox Tract") to Cox, who planned to build a Dollar General store on the property. The terms of the Purchase Agreement (the "Purchase Agreement") contained the following provision:

> Seller [G&H] covenants and agrees not to sell, lease, rent, occupy, or allow to be leased, rented, or occupied, any part of the remaining tract [the G&H Tract], for the purposes of conducting business as or for use as a Family Dollar Store, Dollar Express, Bill's Lot, Walgreens, CVS, Rite Aid, Wal-Mart, Wal-Mart Supercenter, Wal-Mart Neighborhood Market or any type of Wal-Mart concept store.

(Purchase Agreement [DN 14-1] at 3). Cox testified the purpose of the provision was to prevent G&H from utilizing the remaining G&H tract for any commercial purpose that would compete against her Dollar General store.

The sale was completed as anticipated in July 2017. After the closing, G&H refused to execute a recordable document reflecting the use restriction on the G&H tract. On May 23, 2018, Cox filed the present lawsuit. Cox now asks the Court for partial summary judgment on her declaratory judgment claim.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

The key issue here is whether Kentucky's merger doctrine applies. Under Kentucky law, the merger doctrine provides that a deed "extinguishes or supersedes the provisions of the underlying contract for the conveyance of the realty." *Dress Co. v. Osburg*, 144 S.W.3d 831, 832 (Ky. Ct. App. 2003). In other words, a deed is the final version of a property sale and any previous agreements have no effect once the deed is executed.

However, there are exceptions to the merger doctrine—"fraud, mistake, or contractual agreement[s] clearly not intended to be merged into the deed." *Miller v. Hutson*, 281 S.W.3d 791, 794 (Ky. 2009). "Covenants in the antecedent contract that are not commonly incorporated in the deed, and that the parties do not intend to be incorporated, are often referred to as collateral agreements." *Dress*, 144 S.W.3d at 833. "A collateral obligation is one that is not 'deed-related.'" *Young v. Kenneth Jackson Electric, Inc.*, No. 2005-CA-001242-MR, 2006 WL 2787077, at *2 (Ky. Ct. App. Sept. 29, 2006). Examples of deed-related provisions are those concerning title, possession, and quantities or emblements of the land. *Id.* Provisions may be collateral if they have "no bearing on the title being passed." *Id.* For example, in *Young v. Kenneth Jackson Electric, Inc.*, the court found an assignment provision to be "clearly collateral and not 'deed-related'" because it only sought to preserve the legal claims of the buyers. *Id.* Likewise, in *Dress Co. v. Osburg*, the court found an arbitration agreement to be collateral because it was reasonable to assume that the parties intended performance after closing since that is when arbitrable disputes arise. 144 S.W.3d at 833.

G&H argues that it is not bound by the promises it made in the Purchase Agreement because of Kentucky's merger doctrine. Cox argues that the merger doctrine does not apply because the restrictions on the G&H Tract are collateral to the deed.

Therefore, the Court must decide whether the restrictions made in the Purchase Agreement are collateral to the deed. If they are, the merger doctrine does not apply and they survive the execution of the deed. If they are not collateral, but in fact deed-related, the merger doctrine applies and the restrictions are invalid since they were not included in the deed.

The Court finds that the restrictive covenants on the G&H Tract are collateral to the deed on the Cox Tract. First, it would make little sense to include future use restrictions on the G&H tract in a Deed conveying the Cox Tract. The restrictions on the G&H tract need to show up in the chain of title to the G&H tract so future purchaser of the G&H Tract have notice of the restrictions.

Furthermore, the promises contained in the Purchase Agreement were promises concerning the future performance of actions regarding the use of the G&H tract. The merger doctrine does not apply to the performance of future acts that are independent of the terms of the deed. Like the collateral agreements in *Young* and *Dress* that were meant to protect the buyers through and beyond closing, the restrictions in the Purchase Agreement are not extinguished by the merger doctrine.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **GRANTED, and the Court hereby declares that the future use restrictions set forth in paragraph 8 of the Purchase Agreement are valid, enforceable, and binding on G&H and subsequent owners of the G&H Tract.**

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

cc: counsel of record

May 24, 2019

4